UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

VANESSA SUTTON

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.

_____

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Wal-Mart Stores East, LP, ("Wal-Mart"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3) and Rule 81(c) of the Federal Rules of Civil Procedure, hereby files this Notice of Removal removing to this Court the action filed in the 15th Judicial Circuit Court in and for Palm Beach County, Florida, Case No. 50-2020-CA-014681-XXXX MB (AN), with full reservation of rights, exceptions and defenses, and in support thereof states:

**I.**     **Factual Background**

1. On or about December 1, 2020, Plaintiff filed a Complaint against Wal-Mart in the 15th Judicial Circuit Court in and for Palm Beach County, Florida.[1] *See* Pl.'s Complaint attached

---

[1] While the original Complaint named Wal-Mart Stores, Inc. as Defendant, the state court has since granted Plaintiff's Motion to Amend by Interlineation to substitute the correct Defendant, Wal-Mart Stores East, LP, the entity that owned and operated the subject store. As a result, the parties agreed to treat the discovery requests filed prior to the state court Order on Motion to Amend as if they were directed to Wal-Mart Stores East, LP.

as Ex. "A." The Complaint was served on Wal-Mart on January 12, 2021. *See* Affidavit of Service attached as Ex. "B."

2. Plaintiff Vanessa Sutton alleges a claim for negligence against Wal-Mart in Count I of the Complaint as a result of injuries she allegedly sustained on or about August 23, 2019, while she walked in the premises of the Wal-Mart store located at 4225 45th Street, West Palm Beach, Florida. *See* Complaint (Ex. A).

3. The Complaint alleges that Plaintiff Vanessa Sutton was in the Wal-Mart store when she allegedly slipped and fell "on an unknown liquid and/or food-like substance, believed to be water and/or juice from a grape(s) and/or a grape(s) causing her to fall and sustain serious and permanent injuries." *See* Complaint (Ex. A) at ¶ 7.

4. Plaintiff Sutton alleges that at all times material to the action, she "was and is a resident of Palm Beach County, Florida." *See* Complaint (Ex. A) at ¶ 2.

5. Wal-Mart Stores East, LP, is a foreign limited partnership and maintains its principal place of business in Bentonville, Arkansas. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as Ex. "C."

6. On March 3, 2021, Plaintiff filed a Notice of Service of Answers to Wal-Mart's Interrogatories. *See* Pl.'s Notice of Service of Answers to Defendant's First Set of Interrogatories attached as Ex. "D." Plaintiff served her Answers to Wal-Mart's Interrogatories on the same date, March 3, 2021.

7. Receipt of Plaintiff's Answers to Wal-Mart's Interrogatories, specifically those delineating Plaintiff's medical expenses, was the first occasion from which Wal-Mart could genuinely ascertain that the case had become removable. *See* redacted excerpt to Pl.'s Answers to Defendant's First Set of Interrogatories attached as Ex. "E."

8. As a result, this Court has jurisdiction over this matter, and it is removable based on the complete diversity of citizenship of the parties. The matter is removable based on diversity of citizenship because Plaintiff Sutton and Wal-Mart are each citizens of different states and the amount in controversy now exceeds $75,000.00—exclusive of interest, attorney's fees, and costs.

9. Venue is proper in this Court because the state court where Plaintiff filed the Complaint, the 15th Judicial Circuit in and for Palm Beach County, Florida, is within this Court's jurisdiction.

10. All State Court filings are attached as Ex. "F."

11. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

**II.   There is Complete Diversity Between the Parties**

12. In accordance with 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between—citizens of different States."  This action satisfies the complete diversity of citizenship requirements of 28 § 1332(a)(1).

**A.   Citizenship of Wal-Mart Stores East, LP.**

13. For purposes of 28 U.S.C. §§ 1332, 1441, a limited partnership is deemed to be a citizen of the State(s) of all of its members. *See* Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990). Defendant Wal-Mart Stores East, LP is and was a Delaware limited partnership with its principal place of business in Arkansas. WSE Management, LLC, and WSE Investment, LLC, are the sole partners of Walmart Stores East, LP. WSE Management, LLC, and WSE Investment, LLC, are and were Delaware limited-liability companies with their principal places of business each located in Arkansas. Walmart Stores East, LLC, is the sole member of both WSE

Management, LLC, and WSE Investment, LLC. Walmart Stores East, LLC, is and was an Arkansas limited-liability company, with its principal place of business in Arkansas. Walmart, Inc., is the sole member of Walmart Stores East, LLC. Walmart Inc. is and was a Delaware corporation, with its principal place of business in Arkansas. Walmart Inc. is a publicly traded company on the New York Stock Exchange and traded under the symbol WMT. No publicly traded entity owns more than 10% of Walmart, Inc. *See* Ex. "C."

14. As a result, Defendant Wal-Mart Stores East, LP, is a citizen of only Delaware and Arkansas.

### B. Citizenship of Plaintiff Vanessa Sutton.

15. At all times material hereto, Plaintiff Vanessa Sutton was a resident of Palm Beach County, Florida. *See* Complaint (Ex. A) at ¶ 2. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." Katz v. J.C. Penney Corp., 2009 WL 1532129, *3 (S.D. Fla.) (internal citations omitted).

16. Plaintiff Sutton alleges that she is a resident of Palm Beach County. *See* Complaint (Ex. A) at ¶ 2. Thus, Plaintiff's Palm Beach County residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity jurisdiction. *See* Katz, 2009 WL 1532129 at *3.

17. Thus, complete diversity exists between the parties.

### III. The Amount in Controversy Requirement Has Been Met

18. The amount in controversy in this matter exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy, it first became clear from Plaintiff's

-4-

discovery responses that Plaintiff's damages claimed far exceed the jurisdictional minimum in this Court of $75,000.00. *See* Ex. "E."

**IV.    Removal is Timely**

19.    In accordance with 28 U.S.C. § 1446(b)(3), Wal-Mart filed its Notice of Removal on April 2, 2021, within thirty (30) days of the date on which it received or was served a copy of Plaintiff's Answers to Wal-Mart's Interrogatories.  Plaintiff's Answers to Wal-Mart's Interrogatories is the first document setting forth an amount in controversy in excess of the statutory requirement, $75,000.00. Under Section 1446 (b)(3), the thirty-day period commenced on March 3, 2021, when Plaintiff served her interrogatory answers on Wal-Mart. Therefore, the filing of Wal-Mart's Notice of Removal is timely.

20.    The statute governing the procedure for removal of civil actions states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

21.    However, "if the case *stated by the initial pleading is not removable*, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." Id. (emphasis added); *see* Katz, 2009 WL 1532129, at *4 (noting "a district court may consider the complaint and *any later received paper* from the Plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand") (emphasis added).  "Additionally, a district court may

consider evidence outside of the removal petition if the facts therein existed at the time of removal." Id. (citing Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001) and Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2001) and Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000)).

22. Where the complaint seeks indeterminate damages, " 'removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.' " Pretka v. Kolter City Plaza II, 608 F.3d 744, 754 (11th Cir.2010)[2] (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir.2001)); *see also* Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir.2000). If satisfaction of the amount in controversy is " 'not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.' " Pretka, 608 F.3d at 754 (quoting Williams, 269 F.3d at 1319); *see also* Sierminski, 216 F.3d at 949.

23. The Eleventh Circuit has clarified and explained that a defendant removing a civil action pursuant to § 1446(b)(3) shall demonstrate sufficient facts to "unambiguously establish" that removal is proper. *See* Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007)[3]; *see also* Pretka, 608 F.3d at 757-58. When it is not facially apparent from the complaint that the amount in controversy has been met, a defendant cannot satisfy its burden and "unambiguously establish" removability based on the complaint—rather they must rely on some other document or

---

[2]  Although Pretka involved removal under the Class Action Fairness Act of 2005 ("CAFA"), the court there interpreted and applied the general removal procedures of 28 U.S.C. § 1446. Pretka, 608 F.3d at 756 & n. 11.
[3]  Lowery is also a CAFA case. However, like Pretka, its holding is not limited to CAFA.

paper received subsequent to the Complaint. *See* Garcia v. Wal-Mart Stores E., L.P., 2014 WL 1333208, at *1 (M.D. Fla. Apr. 3, 2014). Indeed, in Lowery, the Eleventh Circuit warned:

> [A] removing defendant's counsel is bound by Rule 11 to file a notice of removal only when counsel can do so in good faith. We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us-where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice- without seriously testing the limits of compliance with Rule 11. Id. at 1184.

24. Where it is not clear from the face of the complaint that the civil action is removable, the complaint does not start the clock and removal is timely if filed within thirty days of receipt of a subsequent document revealing the case is removable. *See* in Garcia, 2014 WL 1333208, at *5. For example, in Garcia, a negligence action, plaintiff's complaint alleged an amount necessary for state court claim. Garcia, 2014 WL 1333208, at *1. Approximately three months later, in response to defendant's request for admissions, plaintiff admitted that her damages exceeded $750,000.00. Id. Based upon this admission, the defendant store removed the case to federal court pursuant to § 1446(b)(3), and plaintiff argued in her motion to remand that removal was untimely. Id. The court rejected plaintiff's argument because the allegations of the complaint were insufficient for defendant "to intelligently ascertain that the case was removable." Id. at *5. Rather, "[i]t was only when Plaintiff admitted in discovery that her claim exceeds $75,000, that defendant could satisfy its burden to show that the amount in controversy is more than $75,000." Id.

25. Here, identical to Garcia, Plaintiff's Complaint merely alleges that this action is one for damages in excess of $30,000.00, the state court jurisdictional limit. *See* Complaint (Ex. A) at ¶ 1. Further, the other allegations contained in the Complaint are devoid of sufficient facts for Wal-Mart to intelligently ascertain that the amount in controversy had been met and that the

case was removable at the time service was perfected on Wal-Mart. *See* Complaint (Ex. A). Rather, akin to Garcia, it was only when Wal-Mart received Plaintiff Sutton's Answers to Wal-Mart's Interrogatories that it was evident that the action involved damages in excess of $75,000.00. *See* Ex. "E." at ¶ 11. Specifically, Plaintiff stated that the medical expenses she has incurred thus far alone total approximately $133,500.00. *See* Ex. "E." at ¶ 11. Notably, this total only reflects the amount of Plaintiff's medical bills for medical care received from the time of the incident through December 2020. *See* Ex. "E." at ¶ 11.

26. Therefore, as the court held in Garcia, the facts stated herein and evidence attached hereto sufficiently, conclusively, and unambiguously establish that removal is timely, complete diversity exists, and the amount in controversy exceeds the jurisdictional threshold of $75,000.00, such that this Court to maintain and retain jurisdiction.

**V.    Conclusion**

27. As Wal-Mart has timely filed its Notice of Removal and met this Court's jurisdictional requirement, this Court should permit the removal of Plaintiff's underlying state court action in keeping with 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice of the same to Plaintiffs, through their attorneys of record, and the Clerk of the Circuit Court.

WHEREFORE, by reasons of the foregoing, Wal-Mart Stores East, LP respectfully requests that this Notice of Removal be accepted as adequate under federal law, and that Plaintiff's state court action, CASE NO. 50-2020-CA-014681-XXXX MB (AN), on the docket of the 15th Judicial Circuit Court in and for Palm Beach County, Florida, be removed from that court to the United States District Court for the Southern District of Florida, West Palm Beach Division; and

that this Court assume full and complete jurisdiction over the case issuing all necessary orders along with any other relief that the Court deems just and proper.

                Respectfully Submitted,

By: *s/Spencer Woodstock*
    Darin A. DiBello
    Florida Bar No. 957615
    Spencer Woodstock
    Florida Bar No. 1022678
    FASI & DIBELLO, P.A.
    150 S.E. 2nd Avenue, Suite 1010
    Miami FL  33131
    Telephone:  305-537-0469
    Facsimile:   305-503-7405
    dibello@fasidibellolaw.com
    woodstock@fasidibellolaw.com
    perry@fasidibellolaw.com
    wiza@fasidibellolaw.com
    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by E-Mail this 2nd day of April, 2021 to:  Aaron Feuer, Esq. (aaron@rubensteinlaw.com; crencurrell@rubensteinlaw.com; eservice@rubensteinlaw.com), Rubenstein Law, P.A., Attorneys for Plaintiff, 9130 S. Dadeland Boulevard, PH, Miami, FL 33156.

                By:    /s/*Spencer Woodstock*
                         Spencer Woodstock