Filing # 118752922 E-Filed 12/28/2020 11:09:43 AM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**VANESSA SUTTON,**

Plaintiff,

v.

**WAL-MART STORES, INC.,**                           CIVIL DIVISION

Defendant.                           CASE NO.: 50-2020-CA-014681-XXXX-MB

_____/

### PLAINTIFF'S   REQUEST FOR ADMISSIONS TO
### DEFENDANT, WAL-MART STORES, INC.

The Plaintiff, **VANESSA SUTTON,** by and through the undersigned counsel and pursuant

to Rule 1.370, Florida Rules of Civil Procedure, requests that Defendant, **WAL-MART STORES,**

**INC.,** admit or deny the following:

1.     **WAL-MART STORES, INC.,** has been properly named in the complaint (i.e. the complaint contains the name of the proper entity to be sued).

2.     **WAL-MART STORES, INC.,** has been properly served with the summons and complaint.

3.     This matter has been filed within the statute of limitations.

4.     Venue is proper in **Palm Beach** County, Florida.

5.     Plaintiff, **VANESSA SUTTON,** was lawfully on the premises at the time of her slip and fall on August 23, 2018.

6.     Plaintiff, **VANESSA SUTTON,** was a business invitee at the time of her slip and fall on August 23, 2018.

7.     Plaintiff, **VANESSA SUTTON,** slipped and fell in the **WAL-MART STORES, INC.,** located at 4225 45th ST, West Palm Beach, FL 33407, on August 23, 2018.

8.     Plaintiff, **VANESSA SUTTON,** suffered injuries as a result of the fall in the **WAL-MART STORES, INC.,** located at 4225 45th ST, West Palm Beach, FL 33407, on August 23, 2018.

<span style="color:blue">**COMPOSITE EXHIBIT F**</span>

9.     **WA-MART STORES, INC**. was the owner of the premise located at 4225 45th ST, West Palm Beach, FL.

10.    **WA-MART STORES, INC.** was the owner of the property where the premise in question is located.

11.    **WAL-MART STORES, INC.** has surveillance footage capturing and/or depicting the Plaintiff slipping and falling on August 23, 2018.

12.    **WAL-MART STORES, INC.** has surveillance footage capturing and/or depicting the Plaintiff at Defendant's premises on August 23, 2018.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, **WAL-MART STORES, INC.**

Dated: <u>December 28, 2020</u>

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (305) 670-7555
Email: aaron@rubensteinlaw.com
         crencurrell@rubensteinlaw.com
         eservice@rubensteinlaw.com

By:   <u>/s/ *Aaron Feuer*   </u>
      **AARON FEUER**
      Florida Bar No.:100542

Filing # 118752922 E-Filed 12/28/2020 11:09:43 AM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**VANESSA SUTTON,**

     Plaintiff

: v.

**WAL-MART STORES, INC.,**               CIVIL DIVISION

     Defendant.                      CASE NO.: 50-2020-CA-014681-XXXX-MB

_____/

## PLAINTIFF'S  REQUEST FOR PRODUCTION TO DEFENDANT, WAL-MART STORES, INC.

The Plaintiff, **VANESSA SUTTON,** by and through the undersigned attorneys, hereby requests the Defendant, **WAL-MART STORES, INC.,** produce for inspection and/or photocopying within forty-five (45) days from the date of service of this request, pursuant to Fla.R.Civ.P., at RUBENSTEIN LAW, 9130 S. Dadeland Blvd, PH, Miami, FL 33156, the following:

     1.     The employee safety manual or other written document of the Defendant in effect on August 23, 2018 that discusses, touches, or concerns procedures for preventing and cleaning foreign substances such as food, liquid, etc., on the floor of its stores.

     2.     Any and all policies and/or procedures of the Defendant in effect on August 23, 2018 that discusses, touches, or concerns maintaining surveillance video footage after a slip and fall has been reported in the Defendant's store.

     3.     Any photographs taken by or on behalf of the Defendant that relates to the parties and/or scene of the alleged occurrence on August 23, 2018.

     4.     Any and all statements obtained from any party in this matter concerning any of the issues in this lawsuit.

     5.     Any and all statements obtained from any person concerning any of the issues in this lawsuit.

     6.     Any and all insurance policies that do or may provide coverage for any of Plaintiff's claims, injuries, or damages as described in the Complaint, including umbrella and excess policies.

7. Any and all surveillance or other video or recording depicting the interior and/or exterior of the **WAL-MART STORES, INC.,** located 4225 45th ST, West Palm Beach, FL 33407, Palm Beach County, on August 23, 2018, including the two hour period before the alleged incident and the two hour period after the alleged incident. This request includes, but is not limited to, footage depicting the incident itself and any footage depicting the Plaintiff.

8. All records, writings or other written memoranda concerning any other slip and falls at the store where this incident occurred, within the last three (3) years.

9. All ordinances, regulations, rules, statutes, customs, practices and publications upon which your defenses herein, if any, are based.

10. A list of the names and addresses (including clock-in/time records) of all employees employed at **WAL-MART STORES, INC.,** located at 4225 45th ST, West Palm Beach, FL 33407, Palm Beach County, on duty on the floor/area where Plaintiff fell on the day of the incident.

11. Any and all incident reports or accident reports pertaining to the subject incident.

12. A list of the names and addresses of all individuals and/or entities that were responsible for maintaining the area where Plaintiff fell on the day of the incident.

13. All checklists, sign-off sheets, log books, etc., that show how frequently the area in question was inspected and/or cleaned on the day of the subject fall, and the one (1) month prior to the incident on August 23, 2018.

14. A copy of any report created as a result of Plaintiff's incident on August 23, 2018, that was signed and/or filled out by Plaintiff.

15. A copy of any witness statement, incident report, or other document created as a result of Plaintiff's incident on August 23, 2018.

16. A map (aerial view) of the Defendant's store located at 4225 45th ST, West Palm Beach, FL. identifying the layout of the store as it existed on the date of the incident.

17. A map of where surveillance cameras are placed within the store on the date of incident and what aisle or aisles the surveillance cameras depict/capture.

18. Any document, photograph, or video, identified in your answers to interrogatories.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, **WAL-MART STORES, INC.**

Dated: <u>December 28, 2020</u>

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (305) 670-7555
Email: aaron@rubensteinlaw.com
crencurrell@rubensteinlaw.com
eservice@rubensteinlaw.com


By:    /s/ *Aaron Feuer*
       **Aaron Feuer**
       Florida Bar No.: 100542

Filing # 118752922 E-Filed 12/28/2020 11:09:43 AM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**VANESSA SUTTON,**

Plaintiff

v.

**WAL-MART STORES, INC.,**                              CIVIL DIVISION

Defendant.                              CASE NO.: 50-2020-CA-014681-XXXX-MB

_____/

## PLAINTIFF'S NOTICE OF SERVING INITIAL INTERROGATORIES TO DEFENDANT WAL-MART STORES, INC.

The Plaintiff, **VANESSA SUTTON,** by and through the undersigned attorney, hereby gives notice of propounding Plaintiff's Initial Interrogatories upon the Defendant, **WAL-MART STORES, INC.,** to be answered within forty five (45) days from the date of service pursuant to the Florida Rules of Civil Procedure.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, **WAL-MART STORES, INC.**

Dated: <u>December 28, 2020</u>

<div style="margin-left:40%">

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
RUBENSTEIN LAW, P.A.
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (305) 670-7555
Email: aaron@rubensteinlaw.com
          crencurrell@rubensteinlaw.com
          eservice@rubensteinlaw.com

By:   <u>/s/ *Aaron Feuer*  </u>
      **AARON FEUER**
      Florida Bar No.:100542

</div>

## <u>PLAINTIFF'S  INITIAL INTERROGATORIES TO DEFENDANT, WAL-MART STORES, INC.</u>

*(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)*

1.    State the full name, address and position with Defendant of the person answering these interrogatories.

2.    State the full name, address and position with Defendant of the person(s) who was responsible for the inspection, maintenance, and/or cleaning of the area where Plaintiff fell on August 23, 2018.

3.    State whether the Defendant, its agents, servants or employees received any complaints on August 23, 2018, about the condition of the area (including any liquid substance on the floor, debris on the floor, equipment leaking liquid on the floor, etc.) where Plaintiff fell prior to Plaintiff's fall on August 23, 2018. Please provide the full name(s) and address(es) of the person(s) who made the complaint, the date and time of the complaint, and the nature of the complaint.

4.   Please state whether there have been any slip and falls at the store where this incident occurred and in the same general area (within approximately 100 square feet) where this incident occurred during the three years prior to the subject incident? If so, please provide:

    (a)   Number of slip and falls?

    (b)   Date of each slip and fall?

    (c)   Name, address and telephone number of each person who slipped and fell?

    (d)   Whether or not the person reported any injuries?

    (e)   Identify the substance that was reported to have caused the slip and fall (eg. Water, Juice, etc.)

5.   With respect to each occurrence identified in the preceding question, please state the following:

    (a)   Whether Fire Rescue reported to the scene?

    (b)   Whether a claim was made against the Defendant?

    (c)   Whether a lawsuit was filed, and if so, please provide the case number?

6.   State the full name and address of each eyewitness to all or part of Plaintiff's incident on August 23, 2018.

7.  State the full name, address, and phone number of all persons, including employees, who were at or near the scene of Plaintiff's accident within one (1) hour before the incident on August 23, 2018.

8.  State the full name, address, and phone number of all persons, including employees, who arrived at the accident scene within one (1) hour after Plaintiff's incident on August 23, 2018.

9.  State the full name, address, and phone number of each person(s) who investigated the facts and circumstances of Plaintiff's incident on August 23, 2018 for you or your insurance carrier.

10. State the full name, address, and phone number of all persons, including employees, who has given or provided a statement concerning Plaintiff's incident on August 23, 2018.

11.     If a report was made by an agent, servant or employee of the Defendant in the ordinary course of business with respect to Plaintiff's incident on August 23, 2018, state full name and address of the person who made the report, the date it was made and in whose custody it is.

12.     State the full name(s) and address(es) of each person(s) who is believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

13.     Describe the frequency and times of inspections of the incident area prior to the incident on August 23, 2018. State the full name, address, and job title of the person who made the last inspection of the area where the Plaintiff's incident occurred.

14.     State the full name, address, and job title of each employee of the Defendant who responded to Plaintiff's fall on August 23, 2018.

15. State whether you have within your possession or control photographs of the incident scene as it existed at the time of the Plaintiff's incident on August 23, 2018 or any photographs of Plaintiff on August 23, 2018. If so, describe any and all such photographs, including the name, address, and job title of the person who took the photographs and the date the photographs were taken.

16. Give a concise statement of the facts as to how you contend the Plaintiff's incident took place on August 23, 2018.

17. If you contend that the Plaintiff acted in such manner as to cause or contribute to the incident on August 23, 2018, give a concise statement of the fact upon which you rely.

18.   Do you contend that any other person, entity, or corporation acted in such a manner so as to cause or contribute to the Plaintiff's fall on August 23, 2018 as described in the Complaint?  If so, please state the full name, address, telephone number of the other person, entity or corporation, and the basis for your contention.

19.   Describe any and all policies of insurance which you contend cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurance, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

20.   Did the Defendant have security cameras operating within the store located at West Palm Beach, FL 33407, on the date of the subject accident?  Additionally, did the Defendant have security cameras operating in the area where Plaintiff's incident on August 23, 2018 took place?  If so, did the security cameras capture this incident as it occurred?

21.   If the answer to interrogatory #20 was yes, please provide the complete name and address of the individual who has the most knowledge concerning the operation, maintenance and preservation of the security cameras and security tapes.

22.   If the answer to interrogatory #20 is yes, does Defendant have video recording footage from the day of the Plaintiff's fall on August 23, 2018, of the store and any video which depicts Plaintiff including the two hour period before and after the fall? If so, please provide the name and address of the custodian of the tape. If a period before and after the fall is maintained, state how much time before and after the fall is recorded/maintained. If Defendant had in its possession this tape, but no longer has the tape, please provide the name and address of the individual with the most knowledge concerning what happened to the surveillance tape.

23. Is the Defendant properly named in the style of the case? If not, please provide the complete and proper name of the corporate defendant and the name and address of the registered agent to allow the Plaintiff to properly serve the corporate Defendant.

24. In the previous five years, has any person alleged that they have slipped and fallen at this store's location do to a grape or a grape like substance on the floor? If so, when did this occur and in what part of the store?

25. What is the specific date that the Defendant, its agents, representatives, or employees became aware that the Plaintiff was represented by Rubenstein Law?

26. Are business invitees of the Defendant permitted to eat produce, specifically grapes, from the Defendant's store while still inside the store?

27. Please state the full name of the first employee of the Defendant to speak to the Plaintiff after her alleged slip and fall within the store on August 23, 2018. Please also state whether

that employee is still an active employee of the Defendant and if so, the address of the store she currently works at.

<div style="text-align: center;">_____<br>AFFIANT</div>

STATE OF FLORIDA         )
COUNTY OF _____ )

      BEFORE ME, the undersigned authority, personally appeared _____, who being duly sworn, deposes and says that the answers to Interrogatories attached hereto are true to the best of his/her knowledge, information and belief.

      SWORN TO AND SUBSCRIBED before me on this _____ day of _____, 2020.

<div style="text-align: right;">_____<br>NOTARY PUBLIC, STATE OF FLORIDA<br>AT LARGE</div>

My Commission Expires:
Personally known:
or Produced Identification:         _____
Type of Identification Produced:    _____

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

VANESSA SUTTON

     Plaintiff,

vs.

WAL-MART STORES, INC.,

     Defendant.

_____

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Wal-Mart Stores, Inc. ("Defendant"), by and through the undersigned counsel, hereby files its Answer to Plaintiff's Original Complaint ("Complaint"), and states as follows:

### JURISDICTION

1.    Defendant is without knowledge of the allegations of Paragraph 1 of the Complaint and therefore denies the same.

### PARTIES

2.    Defendant is without knowledge of the allegations of Paragraph 2 of the Complaint and therefore denies the same.

3.    Defendant denies the allegations of Paragraph 3 of the Complaint.

### VENUE

4.    Defendant is without knowledge of the allegations of Paragraph 4 of the Complaint and therefore denies the same.

### GENERAL ALLEGATIONS

5.    Defendant is without knowledge of the allegations of Paragraph 5 of the Complaint and therefore denies the same.

### COUNT I - NEGLIGENCE CLAIM AGAINST WAL-MART STORES, INC.

Defendant restates and reincorporates its responses to Paragraphs 1 through 5 in responding to the unnumbered Paragraph preceding Paragraph 6 of the Complaint.

6.      Defendant denies that it is the owner and operator of the store in question. Defendant states that Wal-Mart Stores East, L.P., was the owner and operator of Wal-Mart facility number 4446 on the date of the alleged incident as referenced in the Complaint.

7.      Defendant denies the allegations of Paragraph 7 of the Complaint.

8.      Defendant denies the allegations of Paragraph 8 to the extent that the language therein does not comport to applicable statutory language or case law.

9.      Defendant denies the allegations of Paragraph 9 of the Complaint.

10.     Defendant denies the allegations of Paragraph 10 of the Complaint.

11.     Defendant denies the allegations of Paragraph 11 of the Complaint.

12.     Defendant denies the allegations of Paragraph 12 of the Complaint.

### GENERAL DENIAL

All allegations, contentions, claims or prayers for relief not specifically admitted to are hereby denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### Second Affirmative Defense

Any negligence that caused or contributed to the injuries of Plaintiff was solely the result of negligence on the part of third parties and other individuals or entities who may be discovered through the discovery process, and were not under the care, custody, control or supervision of

Defendant, and therefore, Plaintiff cannot recover against Defendant. Pursuant to <u>Nash v. Wells Fargo Guard Service, Inc.,</u> 678 So.2d 1262 (Fla. 1996), Defendant will seek leave to amend to identify such non-parties or persons as they become known and with due notice to Plaintiff.

### **Third Affirmative Defense**

Plaintiff's claims are barred in whole or in part because of Plaintiff's own negligence.

### **Fourth Affirmative Defense**

Pursuant to Florida Statute Section 768.76, or any other applicable provision, in the event of any recovery by Plaintiff in this action, the amount awarded to Plaintiff in this action must be reduced by any amounts paid to Plaintiff from any collateral source or benefits.

### **Fifth Affirmative Defense**

Defendant is entitled to all setoffs and limitations of liability pursuant to the doctrine of comparative fault, including but not limited to the provisions of Florida Statute § 768.81. Pursuant to Florida Statute § 768.81 and <u>Nash v. Wells Fargo Guard Service, Inc.,</u> 678 So.2d 1262 (Fla. 1996), Defendant will seek leave to amend to identify such non-parties or persons as they become known and with due notice to Plaintiff.

### **Sixth Affirmative Defense**

Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur. Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to Plaintiff's own negligence.

### **Seventh Affirmative Defense**

Plaintiff failed to take reasonable steps to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

### Eighth Affirmative Defense

Defendant had no actual or constructive knowledge of the alleged dangerous condition or defect and is otherwise not liable pursuant to Florida Statute § 768.0755.

### Ninth Affirmative Defense

Defendant had no actual or constructive notice of the alleged hazard and thus had no duty to warn or protect Plaintiff from said hazard and is otherwise not liable pursuant to Florida Statute § 768.0755.

### Tenth Affirmative Defense

Plaintiff's recovery for medical damages is limited to only those medical expenses for which Plaintiff has become liable. Cooperative Leasing, Inc. v. Johnson, 872 So. 2nd 956 (Fla. 2d DCA 2004).

### Eleventh Affirmative Defense

At the time of the incident alleged in the Complaint, Plaintiff was suffering from pre-existing conditions, which caused or contributed to the damages Plaintiff is claiming.

### Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in part because the condition or defect alleged to have been present at the premises was open and obvious to Plaintiff.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff's knowledge of the condition or defect alleged to be present at the premises was superior to or at least equal to the Defendant's alleged knowledge and thus, the Defendant had no duty to warn the Plaintiff of such alleged condition or defect.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff's alleged injuries and damages, if any, were the result of a superseding and intervening cause.

### Fifteenth Affirmative Defense

Defendant did not cause or create any dangerous conditions for which it could be held liable for any failure to remedy or warn thereof.

### Sixteenth Affirmative Defense

Plaintiff knowingly and voluntarily assumed the risks alleged in this Complaint, and thus subjected herself to those risks inherent in the activity in which she was engaging at the time, as well as to the conditions of which she now complains, thereby assuming the risk of injury and damages complained of and reducing her recovery proportionately.

### Seventeenth Affirmative Defense

Defendant is entitled to the benefits and protections regarding an itemized verdict as set forth in Florida Statute §768.77.

### Eighteenth Affirmative Defense

Defendant is entitled to a credit or set off for any payments received or receivable by Plaintiff for any damages alleged in the Complaint from any collateral source whatsoever, including but not limited to payments from any health insurance, health plan benefits, Medicare, social security, or any other private or public funding source which either reimbursed Plaintiff for any other damages claimed in this case or reduced the amount of any bills of Plaintiff, as set forth in Florida Statute §768.76.

CASE NO.: 50-2020-CA-014681-XXXX-MB

## **Nineteenth Affirmative Defense**

Plaintiff could have discovered any alleged danger on the premises by exercising the use of due care but failed to do so, thereby eliminating any liability for her to recover from Defendant in this action as a matter of law.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to amend these affirmative defenses as discovery proceeds and additional information becomes known.

## **DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury on all issues so triable.

**WHEREFORE**, Defendant respectfully requests the Court (i) deny the relief requested by Plaintiff, (ii) enter judgment in favor of the Defendant and against Plaintiff, (iii) award Defendant costs incurred in defending this action, and (iv) award Defendant such further relief the Court deems appropriate.

By:  *s/Spencer Woodstock*
  Darin A. DiBello
  Florida Bar No. 957615
  Spencer Woodstock
  Florida Bar No. 1022678
  FASI & DIBELLO, P.A.
  150 S.E. 2nd Avenue, Suite 1010
  Miami FL  33131
  Telephone:305-537-0469
  Facsimile: 305-503-7405
  dibello@fasidibellolaw.com
  woodstock@fasidibellolaw.com
  perry@fasidibellolaw.com
  wiza@fasidibellolaw.com
  *Attorneys for Defendant*

CASE NO.: 50-2020-CA-014681-XXXX-MB

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by

E-Mail this <u>1st</u> day of February, 2021 to:   Aaron Feuer, Esq. (<u>aaron@rubensteinlaw.com</u>;

<u>crencurrell@rubensteinlaw.com</u>; <u>eservice@rubensteinlaw.com</u>), Rubenstein Law, P.A., Attorneys

for Plaintiff, 9130 S. Dadeland Boulevard, PH, Miami, FL 33156.

By: <u>*s/Spencer Woodstock*</u>
    Spencer Woodstock

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

VANESSA SUTTON

      Plaintiff,

vs.

WAL-MART STORES, INC.,

      Defendant.

_____

## DEFENDANT'S NOTICE OF SERVICE OF ITS
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

Defendant Wal-Mart Stores, Inc., by and through its undersigned counsel, hereby gives

notice of service of its first set of interrogatories to Plaintiff, Vanessa Sutton.

Respectfully Submitted,


By: *s/Spencer Woodstock*_____
    Darin A. DiBello
    Florida Bar No. 957615
    Spencer Woodstock
    Florida Bar No. 1022678
    FASI & DIBELLO, P.A.
    150 S.E. 2nd Avenue, Suite 1010
    Miami FL  33131
    Telephone:305-537-0469
    Facsimile: 305-503-7405
    dibello@fasidibellolaw.com
    woodstock@fasidibellolaw.com
    perry@fasidibellolaw.com
    wiza@fasidibellolaw.com
    *Attorneys for Defendant*

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by E-Mail this <u>1st</u> day of February, 2021 to:   Aaron Feuer, Esq. ([aaron@rubensteinlaw.com](mailto:aaron@rubensteinlaw.com);

[crencurrell@rubensteinlaw.com](mailto:crencurrell@rubensteinlaw.com);   [eservice@rubensteinlaw.com](mailto:eservice@rubensteinlaw.com)),   Rubenstein   Law,   P.A.,

Attorneys for Plaintiff, 9130 S. Dadeland Boulevard, PH, Miami, FL 33156.


By:  *s/Spencer Woodstock*
    Spencer Woodstock

Filing # 120587524 E-Filed 02/01/2021 02:12:52 PM

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

VANESSA SUTTON

     Plaintiff,

vs.

WAL-MART STORES, INC.,

     Defendant.

_____

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

Defendant Wal-Mart Stores, Inc., by and through undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.350, requests that Plaintiff Vanessa Sutton produce the following items requested below within 30 (thirty) days of the date of service hereof.

## DEFINITIONS

1.     "You(r)" shall mean Plaintiff Vanessa Sutton, including without limitation agents, representatives, employees, consultants, predecessors, successors, assigns, officers, directors, affiliates, partners, subsidiaries, parent corporations, investors, and others acting on behalf of You.

2.     "Defendant" shall mean Defendant Wal-Mart Stores, Inc. and if context so requires, shall include its agents or representatives.

3.     "Complaint" means the operative Complaint filed by You in this action.

4.      "Support(ing)" shall mean refer to, relate to, summarize, constitute, contain, analyze, study, explain, mention, show, discuss, support, refute, reflect, memorialize, describe, comment upon, or connect in any way factually or logically with, the matter therein.

5.      "Document(s)" shall have the broadest definition possible and include any book, paper, record, or other data or data compilation, whether written, typed, printed, electronically stored, recorded, or graphic of any kind or description, including originals, non-identical copies, and drafts, and includes all materials within the scope of Rule 1.350(a) of the Florida Rules of Civil Procedure.

6.      "Person(s)" shall mean any natural person, firm, partnership, association, joint venture, corporation, business trust, banking institution, limited liability company, unincorporated organization, or any legal entity or association.

7.      "Communication(s)" shall mean any oral, written, physical, or electronic transmission of a word, statement, fact, thing, idea, Document, instruction, demand, or question by any device or medium.

8.      The term "Concern(ing)" means embodying, referring to, relating to, summarizing, constituting, containing, analyzing, studying, explaining, mentioning, showing, discussing, supporting, refuting, reflecting, memorializing, describing, commenting upon, and/or connected in any way factually or logically with, the matter therein.

9.      The term "Incident" shall mean the incident alleged in the Complaint.

10.     As used herein, the masculine includes the feminine and neuter; "each" includes and encompasses "every," and vice-versa; "any" includes and encompasses all, and vice-versa; the terms "and" and "or" have both conjunctive and disjunctive meanings so as to be inclusive of

any document, electronically stored information (ESI), or thing that might otherwise fall outside the scope of this request.

11.     References to the singular include the plural.

12.     The use of any tense of any verb includes all other tenses of the verb.

## <u>INSTRUCTIONS</u>

1.      Pursuant to applicable rules of civil procedure, You are required to obtain and furnish all information and documents available to You or in Your control or available or in the control of any of Your representatives, employees, agents, brokers, servants, or attorneys, with the exception of privileged information or documents.

2.      Each request should be responded to separately.  However, a document which is a response to more than one request may, if marked or indexed, be produced to in a later response by its mark or index identifier.

3.      The documents produced in response to this request shall include all attachments and enclosures.

4.      If You believe that any of the requests calls for an assertion of a claim of privilege, answer so much of the request as is not objected to, state that part of each request to which You raise objection and set forth the basis for Your claim of privilege with respect to such information You refuse to give.

5.      If, for reasons other than a claim of privilege, You refuse to answer any request, please state the grounds upon which the refusal is based with sufficient specificity to permit determination of the propriety of such refusal.

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

6.      Each request includes a request for production of all preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of handwritten notes or comments added to one copy of a document).

7.      If any documents requested have been lost or destroyed, the documents lost or destroyed must be identified by author, date and subject matter.

8.      For any document which was once in Your control, but is no longer, please indicate the date the document ceased to be in Your control, the manner in which it is ceased, and the name and address of its present custodian.

9.      If You do not agree with any definition of the terms provided herein, You are instructed to advise Defendant(s) of the reason for Your disagreement and provide a reasonable, alternative definition for that term, consistent with industry custom and usage.

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

## <u>REQUESTS FOR PRODUCTION</u>

1.     Please produce any and all Documents Concerning Your contention that Defendant was negligent.

2.     Please produce any and all Documents that evidence, support, refer or relate to Your contention that You were injured as a result of the alleged Incident.

3.     Please produce any and all photographs, videos, films or depictions which show the area in which the slip and fall, which caused Your injury, occurred.

4.     Please produce any and all Documents, including photos, videos, and/or receipts, that depict or describe the clothes, including shoes, You were wearing at the time of the alleged Incident.

5.     Please produce any and all Documents which evidence Your purpose for visiting the premises at issue on the date of the alleged Incident (e.g. sales receipts or invoices).

6.     Please produce any and all Documents that evidence, support, refer or relate to any contention by You that Defendant had actual or constructive notice of the condition complained of in Your Complaint or that Defendant failed to warn You of said condition.

7.     Please produce any and all Documents, including photographs, videos, films or depictions, in Your possession, which show or describe any injuries You contend were caused by the alleged Incident.

8.     Please produce any and all Documents reflecting any treatment You received, at any time (including before and after the alleged Incident), for any injuries allegedly sustained by You due to the alleged Incident, including but not limited to medical reports, bills, invoices, charts, graphs, x-rays, emergency medical service records, prescriptions, orthotics, ambulatory

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

assistance devices, crutches, wheelchairs, home healthcare supplies, any other similar records and/or receipts for payment related to any of these Documents.

9.      Please produce any and all Documents Concerning any medical expenses incurred by You that You contend are causally related to the alleged Incident.

10.      Please produce any and all Documents that You contend reflect medical care or treatment causally related to the alleged Incident.

11.      Please produce any and all Documents Concerning any worker's compensation claim(s) You filed or were filed on Your behalf within the past ten years.

12.      Please produce any and all Documents Concerning any claim(s) for disability You filed or were filed on Your behalf within the past ten years.

13.      Please produce any and all Documents showing any treatment You received, at any time (including both before and after the alleged Incident), for any conditions, injuries, mental or emotional conditions, or other complaints related to the same body parts or injuries which are the subject of Your damages claim.

14.      Please produce any and all Documents Concerning any services You received under Medicare, Medicaid, Medi-Cal, or another health insurance provider due to the alleged Incident, including any liens, payment records, invoices, reports, evaluations or other Documents that identify any claim number.

15.      Please produce any and all Documents pertaining to psychological care, consultation, evaluation and treatment received from any healthcare provider, psychologist or psychiatrist which You received as a result of the alleged Incident.

16.      Please produce any and all Documents Concerning any allegations by You that You suffered emotional distress due to the alleged Incident.

17.     Please produce any and all Documents Concerning any witness statements or which contain the name, address, and telephone number of any witnesses to the alleged Incident.

18.     Please produce any and all Documents, including notes, journals, and diaries, generated or maintained for the purpose of documenting and/or memorializing any and all events related to the alleged Incident and/or Your alleged injuries arising from the alleged Incident.

19.     Please produce any and all Documents that support any contention by You that You suffered damages in the form of past or future lost income as a result of the alleged Incident.

20.     Please produce any and all correspondence between You and the agents, representatives, employees, or Persons otherwise acting on behalf of Defendant.

21.     Please produce any and all correspondence written by You or received by You referring to or relating to the alleged Incident.

22.     Please produce any and all Documents which support any damages, expenses or financial losses which You are claiming as a result of the alleged Incident.

23.     Please produce any and all Documents which support any property damage You are claiming as a result of the alleged Incident, including repair estimates, invoices or canceled checks.

24.     Please produce any and all Documents Concerning any allegation by You that You suffer from a disability due to the alleged Incident.

25.     Please produce any and all Documents Concerning any allegation by You that You suffered a permanent injury due to the alleged Incident.

26.     Please produce any and all Documents Concerning Your efforts to mitigate Your damages alleged in the Complaint.

27.     Please produce any and all Documents Concerning any release, settlement agreement or other writing or thing which limits, reduces or extinguishes the actual and/or potential liability of any party to this matter.

28.     Please produce any and all Documents reviewed in preparation for or referenced in Your responses to Defendant's interrogatories served concurrently herewith.

29.     Please produce any and all Documents or Communications that support, discredit, or relate in any way to Your allegation that Defendant failed "to maintain the floor of the premises in a reasonably safe condition, to wit, allowing liquids such as water and/or grape juice and/or other substances, such as a grape, to accumulate on the floor, and to prevent dangerous conditions from occurring" as alleged in Paragraph 9a of the Complaint.

30.     Please produce any and all Documents or Communications that support, discredit, or relate in any way to Your allegation that Defendant failed "to warn of the dangerous condition that existed at the time of the Plaintiff's incident" as alleged in Paragraph 9b of the Complaint.

31.     Please produce any and all Documents or Communications that support, discredit, or relate in any way to Your allegation that Defendant failed "to place barricades, wet floor signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident" as alleged in Paragraph 9c of the Complaint.

32.     Please produce any and all Documents or Communications that support, discredit, or relate in any way to Your allegation that Defendant failed "to remove said liquid and/or gape(s) and/or other similar substance from the floor of the premises" as alleged in Paragraph 9d of the Complaint.

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

33.     Please produce any and all Documents or Communications that support, discredit, or relate in any way to Your allegation that Defendant failed "to correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and specifically the Plaintiff herein" as alleged in Paragraph 9e of the Complaint.

34.     Please produce any and all Documents or Communications that support, discredit, or relate in any way to Your allegation that Defendant "was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing a liquid and/or a grape(s) and/or a similar substance to be left on the floor of the premises so as to cause the Plaintiff's injury" as alleged in Paragraph 9f of the Complaint.

Respectfully Submitted,

By: *s/Spencer Woodstock*
Darin A. DiBello
Florida Bar No. 957615
Spencer Woodstock
Florida Bar No. 1022678
FASI & DIBELLO, P.A.
150 S.E. 2nd Avenue, Suite 1010
Miami FL  33131
Telephone:305-537-0469
Facsimile: 305-503-7405
dibello@fasidibellolaw.com
woodstock@fasidibellolaw.com
perry@fasidibellolaw.com
wiza@fasidibellolaw.com
*Attorneys for Defendant*

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by E-Mail this <u>1st</u> day of February, 2021 to:   Aaron Feuer, Esq. (aaron@rubensteinlaw.com; crencurrell@rubensteinlaw.com;   eservice@rubensteinlaw.com),   Rubenstein   Law,   P.A., Attorneys for Plaintiff, 9130 S. Dadeland Boulevard, PH, Miami, FL 33156.

By: *s/Spencer Woodstock*
Spencer Woodstock

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**VANESSA SUTTON**,

      Plaintiff

v.

**WAL-MART STORES EAST, LP**,                CIVIL DIVISION

      Defendant.                          CASE NO.: 50-2020-CA-014681-XXXX-MB

_____/

## <u>MOTION FOR LEAVE TO AMEND COMPLAINT BY INTERLINEATION</u>

The Plaintiff, **VANESSA SUTTON**, through the undersigned counsel, hereby files this Motion for Leave to Amend Complaint through Interlineation, and in support thereof states as follows:

1.      On December 28, 2020, Plaintiff filed Complaint against the above referenced Defendant arising out of a clip and fall accident that occurred on August 23, 2018.

2.      Through Discovery, it was learned that he proper title of the entity to be sued is **WAL-MART STORES EAST, LP.**

3.      Therefore, Plaintiff seeks leave of the Court to amend the Complaint to reflect the new information. The proposed Amended Complaint is attached hereto as Exhibit "A".

4.      This Motion will not cause any unnecessary prejudice to the Defendant because originally, the proper entity was sued, however the Defendant's legal name/title was not correct.

5.      Per Florida Rule of Civil Procedure 1.190, "Leave of Court shall be given freely when justice so requires."

WHEREFORE, the Plaintiff, **VANESSA SUTTON,** respectfully requests this Honorable Court for an Order granting Plaintiff's Motion for Leave to Amend Complaint, and furthermore

deems the attached Amended Complaint as filed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 12th day of February, 2021, to: Spencer Woodstock, Esq., Fasi & Dibello, P.A., 150 S.E. 2nd Avenue, Suite 1010, Miami, FL 33131, E-service: dibello@fasidibellolaw.com; woodstock@fasidebellolaw.com; perry@fasidibellow.com; wiza@fasidibellolaw.com.

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (786) 230-2946
Email:   aaron@rubensteinlaw.com
          crencurrell@rubensteinlaw.com
          eservice@rubensteinlaw.com

By:  _/s/ *Aaron Feuer*
    **Aaron Feuer**
    Florida Bar No.: 100542

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**VANESSA SUTTON,**

     Plaintiff,

v.

**WAL-MART STORES EAST, LP.,**               CIVIL DIVISION

     Defendant.                         CASE NO.:

_____/

## AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, **VANESSA SUTTON**, by and through the undersigned counsel, hereby sues the Defendant, **WAL-MART STORES EAST, LP.,** and alleges:

### JURISDICTION

1.      This is an action for damages which exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

### PARTIES

2.      At all times material hereto, the Plaintiff, **VANESSA SUTTON**, was and is a resident of Palm Beach County, Florida, and is otherwise *sui juris*.

3.      At all times material hereto, the Defendant, **WAL-MART STORES EAST, LP.,** was and is a Florida Corporation organized under the Laws of the State of Florida and doing business in West Palm Beach, Palm Beach County, Florida.

### VENUE

4.      Venue is proper in this County in that the Defendant does business in Palm Beach County, Florida, and/or all of the acts complained of herein occurred in Palm Beach County, Florida.

EXHIBIT "A"

## GENERAL ALLEGATIONS

5.      That on or about August 23, 2018, the Plaintiff, **VANESSA SUTTON**, was a business invitee of the Defendant, **WAL-MART STORES EAST, LP**'s premises located at 4225 45th Street, West Palm Beach, FL 33407.

## COUNT I - NEGLIGENCE CLAIM AGAINST WAL-MART STORES EAST, LP.,

Plaintiff re-alleges and restates the allegations in paragraphs 1 through 5 as if fully set forth herein.

6.      That at all times material hereto, and specifically on August 23, 2018, Defendant, **WAL-MART STORES EAST, LP.,** owned, managed, controlled, operated, and/or maintained the premises located at 4225 45th Street, West Palm Beach, FL 33407, in Palm Beach County.

7.      That on or about August 23, 2018, the Plaintiff, **VANESSA SUTTON,** was lawfully in Defendant, **WAL-MART STORES EAST, LP's** premises, when she slipped and fell on an unknown liquid and/or food-like substance, believed to be water and/or juice from a grape(s) and/or a grape(s) causing her to fall and sustain serious and permanent injuries.

8.      That the Defendant owed to its business invitees a duty to provide a reasonably safe environment.

9.      That the Defendant, its agents, servants or employees, breached its duty owed to the Plaintiff by negligently maintaining its premises in the following manner:

a.      By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing liquids such as water and/or grape juice and/or other substances, such as a grape, to accumulate on the floor, and to prevent dangerous conditions from occurring; and/or

b.      By failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

- 2 -

c.     Failing to place barricades, wet floor signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

d.     By failing to remove said liquid and/or gape(s) and/or other similar substance from the floor of the premises; and/or

e.      By failing to correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and specifically the Plaintiff herein; and/or

f.     Was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing a liquid and/or a grape(s) and/or a similar substance to be left on the floor of the premises so as to cause the Plaintiff's injury.

10.     That the Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff, and the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it; and/or

11.     That the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff occurred with such frequency that owner should have known of its existence.

12.     As a direct and proximate result of the aforementioned negligence of the Defendant, **WAL-MART STORES EAST, LP.,** the Plaintiff, **VANESSA SUTTON**, slipped on a liquid substance and/or a similar substance and/or a grape(s) that had accumulated on the floor and sustained severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for

- 3 -

the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff, **VANESSA SUTTON** will suffer the losses into the future.

WHEREFORE, Plaintiff, **VANESSA SUTTON**, hereby demands judgment for damages, costs and interest from the Defendant, **WAL-MART STORES EAST, LP.,** together with whatever other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff, **VANESSA SUTTON,** hereby demands trial by jury of all issues so triable as a matter of right.

Dated: <u>February 12, 2021</u>

<div align="center">

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
250 S. Australian Ave
Suite 1000
West Palm Beach, FL 33401
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: aaron@rubensteinlaw.com
      crencurrell@rubensteinlaw.com
      eservice@rubensteinlaw.com

By:   <u>/s/ *Aaron Feuer*</u>
      **AARON FEUER**
      Florida Bar No.: 100542

</div>

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

VANESSA SUTTON,

     Plaintiff,

v.

WAL-MART STORES EAST, LP.,                    CIVIL DIVISION

     Defendant.                            CASE NO.:  50-2020-CA-014681-XXXX-MB

_____/

**AGREED ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT BY INTERLINEATION**

     **THIS CAUSE** having come before the Court upon Plaintiff's Motion for Leave to Amend Complaint, the parties having reached an agreement and the Court having been fully advised on the premises, it is hereby:

     **ORDERED and ADJUDGED:**

    1.     That Plaintiff's Motion is Granted.

    2.     Plaintiff's Amended Complaint will be deemed filed as original date of filing with the correct Defendant name substituted.

     **DONE and ORDERED** in Palm Beach County, Florida.

502020CA014681XXXXMB   02/12/2021
Howard K. Coates, Jr   Circuit Judge

502020CA014681XXXXMB      02/12/2021
Howard K. Coates, Jr
Circuit Judge

Copies furnished to:
See Attached List

50-2020-CA-014681-XXXX-MB

| Name | Address | Email |
|---|---|---|
| AARON FEUER | 9130 S DADELAND BLVD PENTHOUS SUITE MIAMI, FL 33156 | AARON@RUBENSTEINLAW.COM, crencurrell@rubensteinlaw.com, eservice@rubensteinlaw.com |
| DARIN A. DIBELLO | n/a | dibello@fasidibellolaw.com, perry@fasidibellolaw.com, wiza@fasidibellolaw.com |
| SPENCER WOODSTOCK | 150 S.E. 2ND AVENUE SUIT E1010 MIAMI, FL 33131 | woodstock@fasidibellolaw.com, dibello@fasidibellolaw.com, jeffrey@fasidibellolaw.com |

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**VANESSA SUTTON,**

    Plaintiff,

v.

**WAL-MART STORES EAST, LP.,**               CIVIL DIVISION

    Defendant.                       CASE NO.:

_____/

## AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, **VANESSA SUTTON**, by and through the undersigned counsel, hereby sues the Defendant, **WAL-MART STORES EAST, LP.,** and alleges:

### JURISDICTION

1.    This is an action for damages which exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

### PARTIES

2.    At all times material hereto, the Plaintiff, **VANESSA SUTTON**, was and is a resident of Palm Beach County, Florida, and is otherwise *sui juris*.

3.    At all times material hereto, the Defendant, **WAL-MART STORES EAST, LP.,** was and is a Florida Corporation organized under the Laws of the State of Florida and doing business in West Palm Beach, Palm Beach County, Florida.

### VENUE

4.    Venue is proper in this County in that the Defendant does business in Palm Beach County, Florida, and/or all of the acts complained of herein occurred in Palm Beach County, Florida.

**GENERAL ALLEGATIONS**

5.      That on or about August 23, 2018, the Plaintiff, **VANESSA SUTTON**, was a business invitee of the Defendant, **WAL-MART STORES EAST, LP**'s premises located at 4225 45th Street, West Palm Beach, FL 33407.

**<u>COUNT I - NEGLIGENCE CLAIM AGAINST WAL-MART STORES EAST, LP.,</u>**

Plaintiff re-alleges and restates the allegations in paragraphs 1 through 5 as if fully set forth herein.

6.      That at all times material hereto, and specifically on August 23, 2018, Defendant, **WAL-MART STORES EAST, LP.,** owned, managed, controlled, operated, and/or maintained the premises located at 4225 45th Street, West Palm Beach, FL 33407, in Palm Beach County.

7.      That on or about August 23, 2018, the Plaintiff, **VANESSA SUTTON,** was lawfully in Defendant, **WAL-MART STORES EAST, LP's** premises, when she slipped and fell on an unknown liquid and/or food-like substance, believed to be water and/or juice from a grape(s) and/or a grape(s) causing her to fall and sustain serious and permanent injuries.

8.      That the Defendant owed to its business invitees a duty to provide a reasonably safe environment.

9.      That the Defendant, its agents, servants or employees, breached its duty owed to the Plaintiff by negligently maintaining its premises in the following manner:

a.      By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing liquids such as water and/or grape juice and/or other substances, such as a grape, to accumulate on the floor, and to prevent dangerous conditions from occurring; and/or

b.      By failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

- 2 -

c.      Failing to place barricades, wet floor signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

d.      By failing to remove said liquid and/or gape(s) and/or other similar substance from the floor of the premises; and/or

e.      By failing to correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and specifically the Plaintiff herein; and/or

f.      Was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing a liquid and/or a grape(s) and/or a similar substance to be left on the floor of the premises so as to cause the Plaintiff's injury.

10.     That the Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff, and the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it; and/or

11.     That the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff occurred with such frequency that owner should have known of its existence.

12.     As a direct and proximate result of the aforementioned negligence of the Defendant, **WAL-MART STORES EAST, LP.,** the Plaintiff, **VANESSA SUTTON**, slipped on a liquid substance and/or a similar substance and/or a grape(s) that had accumulated on the floor and sustained severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for

the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff, **VANESSA SUTTON** will suffer the losses into the future.

WHEREFORE, Plaintiff, **VANESSA SUTTON**, hereby demands judgment for damages, costs and interest from the Defendant, **WAL-MART STORES EAST, LP.,** together with whatever other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff, **VANESSA SUTTON,** hereby demands trial by jury of all issues so triable as a matter of right.

Dated: <u>February 12, 2021</u>

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
250 S. Australian Ave
Suite 1000
West Palm Beach, FL 33401
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: aaron@rubensteinlaw.com
       crencurrell@rubensteinlaw.com
       eservice@rubensteinlaw.com

By:   <u>/s/ *Aaron Feuer*</u>
     **AARON FEUER**
     Florida Bar No.: 100542

- 4 -

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

VANESSA SUTTON

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,

     Defendant.

_____

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Wal-Mart Stores East, LP, ("Defendant"), by and through the undersigned counsel, hereby files its Answer to Plaintiff's Amended Complaint ("Complaint"), and states as follows:

### JURISDICTION

1.    Defendant is without knowledge of the allegations of Paragraph 1 of the Complaint and therefore denies the same.

### PARTIES

2.    Defendant is without knowledge of the allegations of Paragraph 2 of the Complaint and therefore denies the same.

3.    Defendant denies the allegations of Paragraph 3 of the Complaint.

### VENUE

4.    Defendant is without knowledge of the allegations of Paragraph 4 of the Complaint and therefore denies the same.

## GENERAL ALLEGATIONS

5.      Defendant is without knowledge of the allegations of Paragraph 5 of the Complaint and therefore denies the same.

## COUNT I - NEGLIGENCE CLAIM AGAINST WAL-MART STORES, INC.

Defendant restates and reincorporates its responses to Paragraphs 1 through 5 in responding to the unnumbered Paragraph preceding Paragraph 6 of the Complaint.

6.      Defendant admits the allegations of Paragraph 6 of the Complaint.

7.      Defendant denies the allegations of Paragraph 7 of the Complaint.

8.      Defendant denies the allegations of Paragraph 8 to the extent that the language therein does not comport to applicable statutory language or case law.

9.      Defendant denies the allegations of Paragraph 9 of the Complaint.

10.     Defendant denies the allegations of Paragraph 10 of the Complaint.

11.     Defendant denies the allegations of Paragraph 11 of the Complaint.

12.     Defendant denies the allegations of Paragraph 12 of the Complaint.

## GENERAL DENIAL

All allegations, contentions, claims or prayers for relief not specifically admitted to are hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### Second Affirmative Defense

Any negligence that caused or contributed to the injuries of Plaintiff was solely the result of negligence on the part of third parties and other individuals or entities who may be discovered

CASE NO.: 50-2020-CA-014681-XXXX-MB

through the discovery process, and were not under the care, custody, control or supervision of Defendant, and therefore, Plaintiff cannot recover against Defendant. Pursuant to <u>Nash v. Wells Fargo Guard Service, Inc.</u>, 678 So.2d 1262 (Fla. 1996), Defendant will seek leave to amend to identify such non-parties or persons as they become known and with due notice to Plaintiff.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part because of Plaintiff's own negligence.

### Fourth Affirmative Defense

Pursuant to Florida Statute Section 768.76, or any other applicable provision, in the event of any recovery by Plaintiff in this action, the amount awarded to Plaintiff in this action must be reduced by any amounts paid to Plaintiff from any collateral source or benefits.

### Fifth Affirmative Defense

Defendant is entitled to all setoffs and limitations of liability pursuant to the doctrine of comparative fault, including but not limited to the provisions of Florida Statute § 768.81. Pursuant to Florida Statute § 768.81 and <u>Nash v. Wells Fargo Guard Service, Inc.</u>, 678 So.2d 1262 (Fla. 1996), Defendant will seek leave to amend to identify such non-parties or persons as they become known and with due notice to Plaintiff.

### Sixth Affirmative Defense

Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur.  Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to Plaintiff's own negligence.

CASE NO.: 50-2020-CA-014681-XXXX-MB

### Seventh Affirmative Defense

Plaintiff failed to take reasonable steps to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

### Eighth Affirmative Defense

Defendant had no actual or constructive knowledge of the alleged dangerous condition or defect and is otherwise not liable pursuant to Florida Statute § 768.0755.

### Ninth Affirmative Defense

Defendant had no actual or constructive notice of the alleged hazard and thus had no duty to warn or protect Plaintiff from said hazard and is otherwise not liable pursuant to Florida Statute § 768.0755.

### Tenth Affirmative Defense

Plaintiff's recovery for medical damages is limited to only those medical expenses for which Plaintiff has become liable. Cooperative Leasing, Inc. v. Johnson, 872 So. 2nd 956 (Fla. 2d DCA 2004).

### Eleventh Affirmative Defense

At the time of the incident alleged in the Complaint, Plaintiff was suffering from pre-existing conditions, which caused or contributed to the damages Plaintiff is claiming.

### Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in part because the condition or defect alleged to have been present at the premises was open and obvious to Plaintiff.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff's knowledge of the condition or defect alleged to be present at the premises was superior to or at least equal to the

Defendant's alleged knowledge and thus, the Defendant had no duty to warn the Plaintiff of such alleged condition or defect.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff's alleged injuries and damages, if any, were the result of a superseding and intervening cause.

### Fifteenth Affirmative Defense

Defendant did not cause or create any dangerous conditions for which it could be held liable for any failure to remedy or warn thereof.

### Sixteenth Affirmative Defense

Plaintiff knowingly and voluntarily assumed the risks alleged in this Complaint, and thus subjected herself to those risks inherent in the activity in which she was engaging at the time, as well as to the conditions of which she now complains, thereby assuming the risk of injury and damages complained of and reducing her recovery proportionately.

### Seventeenth Affirmative Defense

Defendant is entitled to the benefits and protections regarding an itemized verdict as set forth in Florida Statute §768.77.

### Eighteenth Affirmative Defense

Defendant is entitled to a credit or set off for any payments received or receivable by Plaintiff for any damages alleged in the Complaint from any collateral source whatsoever, including but not limited to payments from any health insurance, health plan benefits, Medicare, social security, or any other private or public funding source which either reimbursed Plaintiff for any other damages claimed in this case or reduced the amount of any bills of Plaintiff, as set forth in Florida Statute §768.76.

### Nineteenth Affirmative Defense

Plaintiff could have discovered any alleged danger on the premises by exercising the use of due care but failed to do so, thereby eliminating any liability for her to recover from Defendant in this action as a matter of law.

### RESERVATION OF RIGHTS

Defendant reserves the right to amend these affirmative defenses as discovery proceeds and additional information becomes known.

### DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

**WHEREFORE**, Defendant respectfully requests the Court (i) deny the relief requested by Plaintiff, (ii) enter judgment in favor of the Defendant and against Plaintiff, (iii) award Defendant costs incurred in defending this action, and (iv) award Defendant such further relief the Court deems appropriate.

By: *s/Spencer Woodstock*
      Darin A. DiBello
      Florida Bar No. 957615
      Spencer Woodstock
      Florida Bar No. 1022678
      FASI & DIBELLO, P.A.
      150 S.E. 2nd Avenue, Suite 1010
      Miami FL  33131
      Telephone:305-537-0469
      Facsimile: 305-503-7405
      dibello@fasidibellolaw.com
      woodstock@fasidibellolaw.com
      perry@fasidibellolaw.com
      wiza@fasidibellolaw.com
      *Attorneys for Defendant*

CASE NO.: 50-2020-CA-014681-XXXX-MB

## <u>**CERTIFICATE OF SERVICE**</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by

E-Mail this <u>19th</u> day of February, 2021 to:   Aaron Feuer, Esq. (aaron@rubensteinlaw.com;

crencurrell@rubensteinlaw.com; eservice@rubensteinlaw.com), Rubenstein Law, P.A., Attorneys

for Plaintiff, 9130 S. Dadeland Boulevard, PH, Miami, FL 33156.

By: *s/Spencer Woodstock*
Spencer Woodstock

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**VANESSA SUTTON**,

      Plaintiff

v.

**WAL-MART STORES, INC.**,                     CIVIL DIVISION

      Defendant.                       CASE NO.:  50-2020-CA-014681-XXXX-MB

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION

COMES NOW, the Plaintiff, **Vanessa Sutton,** by and through the undersigned counsel, hereby files her response to Defendant, **Walmart's** Request for Production served January 12, 2021, as follows:

1. Aside from those being produced herein, none at this time. Discovery is ongoing and in its very early stages and Plaintiff reserves the right to amend this answer upon completion of discovery.

2. Aside from those being produced herein which includes medical records concerning the Doctor's opinions as to causations, none at this time.

3. All photographs within Plaintiff's possession are attached.

4. All photographs within Plaintiff's possession are attached.

5. None in Plaintiff's possession.

6. Objection, vague and overbroad and calls for a legal conclusion. Discovery is ongoing and in its very early stages and Plaintiff reserves the right to amend this answer upon completion of discovery.

7. All photographs within Plaintiff's possession are attached.

50-2020-CA-014681-XXXX-MB

8.  All medical records within Plaintiff's possession are attached.

9.  All medical bills within Plaintiff's possession are attached.

10. All medical records within Plaintiff's possession are attached.

11. None.

12. None in Plaintiff's possession.

13. All medical records within Plaintiff's possession are attached.

14. All medical records within Plaintiff's possession are attached.

15. None in Plaintiff's possession. I will sign any authorization for the defense to obtain my
    past medical records.

16. Aside from those being produced herein, none at this time.

17. None currently known. Discovery is ongoing.

18. None.

19. I am not asserting a claim for lost wages or loss of earning capacity.

20. Aside from those being produced herein, none at this time.

21. Objection, attorney-client privilege. Without waiving said objection, none.

22. Aside from those being produced herein, none at this time.

23. Not applicable.

24. Aside from those being produced herein, none at this time.

25. Aside from those being produced herein, none at this time.

26. Objection, vague and overbroad and calls for a legal conclusion.

27. None.

28. Aside from those being produced herein, no additional records.

29. Objection, vague and overbroad and calls for a legal conclusion. Without waiving said objection, Plaintiff has insufficient information to fully answer this question. Discovery is ongoing and in its very early stages and Plaintiff reserves the right to amend this answer upon completion of discovery.

30. Objection, vague and overbroad and calls for a legal conclusion. Without waiving said objection, Plaintiff has insufficient information to fully answer this question. Discovery is ongoing and in its very early stages and Plaintiff reserves the right to amend this answer upon completion of discovery.

31. Objection, vague and overbroad, calls for a legal conclusion, and this exceeds the maximum allowable number of interrogatories under Florida Rules of Civil Procedure. Without waiving said objection, Plaintiff has insufficient information to fully answer this question. Discovery is ongoing and in its very early stages and Plaintiff reserves the right to amend this answer upon completion of discovery.

32. Objection, vague and overbroad, calls for a legal conclusion, and this exceeds the maximum allowable number of interrogatories under Florida Rules of Civil Procedure. Without waiving said objection, Plaintiff has insufficient information to fully answer this question. Discovery is ongoing and in its very early stages and Plaintiff reserves the right to amend this answer upon completion of discovery.

33. Objection, vague and overbroad, calls for a legal conclusion, and this exceeds the maximum allowable number of interrogatories under Florida Rules of Civil Procedure. Without waiving said objection, Plaintiff has insufficient information to fully answer this question. Discovery is ongoing and in its very early stages and Plaintiff reserves the right to amend this answer upon completion of discovery.

34. Objection, vague and overbroad, calls for a legal conclusion, and this exceeds the maximum allowable number of interrogatories under Florida Rules of Civil Procedure. Without waiving said objection, Plaintiff has insufficient information to fully answer this question. Discovery is ongoing and in its very early stages and Plaintiff reserves the right to amend this answer upon completion of discovery.

50-2020-CA-014681-XXXX-MB

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically

submitted on this 3rd day of March 2021, to: Spencer Woodstock, Esq., Fasi & Dibello, P.A., 150

S.E. 2nd Avenue, Suite 1010, Miami, FL 33131, E-service: dibello@fasidibellolaw.com;

woodstock@fasidebellolaw.com; perry@fasidibellow.com; wiza@fasidibellolaw.com.

<div align="right">

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
250 S. Australian Ave
Suite 1000
West Palm Beach, FL 33401
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: aaron@rubensteinlaw.com
        crencurrell@rubensteinlaw.com
        eservice@rubensteinlaw.com


By:  _/s/ Aaron Feuer_
     **AARON FEUER**
     Florida Bar No.: 100542

</div>

- 4 -

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

VANESSA SUTTON

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,

     Defendant.

_____

## DEFENDANT'S RESPONSES TO
## PLAINTIFF'S REQUEST FOR ADMISSIONS

Defendant, Wal-Mart Stores East, LP, ("Wal-Mart"), by and through its undersigned attorneys, and pursuant to the Florida Rules of Civil Procedure, hereby responds to Plaintiff's Request for Admissions follows:

Wal-Mart states that both parties have agreed to treat Plaintiff's discovery requests, served prior to Plaintiff's Amended Complaint, as if they were directed towards the correct entity, Wal-Mart Stores East, LP.

1.     **WAL-MART STORES, INC.,** has been properly named in the complaint (i.e. the complaint contains the name of the proper entity to be sued).

        **RESPONSE: Wal-Mart objects to this request as calling for a legal conclusion. Subject to its objection, Wal-Mart admits this request in as far as it relates to the Amended Complaint.**

2.     **WAL-MART STORES, INC.,** has been properly served with the summons and complaint.

        **RESPONSE: Wal-Mart objects to this request as calling for a legal conclusion and therefore denies the same.**

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

3.      This matter has been filed within the statute of limitations.

**RESPONSE: Wal-Mart objects to this request as calling for a legal conclusion and therefore denies the same.**

4.      Venue is proper in **Palm Beach** County, Florida.

**RESPONSE: Wal-Mart objects to this request as calling for a legal conclusion and therefore denies the same.**

5.      Plaintiff; **VANESSA SUTTON,** was lawfully on the premises at the time of her slip and fall on August 23, 2018.

**RESPONSE: Wal-Mart objects to this request as calling for a legal conclusion. Subject to its objection, Wal-Mart states that it has made a reasonable inquiry into the Plaintiff's status on the premises and states that the information, or lack thereof, known to Wal-Mart at this time is insufficient to enable it to admit or deny this request. As a result, Wal-Mart states that it is without knowledge as to this request and therefore denies the same.**

6.      Plaintiff, **VANESSA SUTTON,** was a business invitee at the time of her slip and fall on August 23, 2018.

**RESPONSE: Wal-Mart objects to this request as calling for a legal conclusion. Subject to its objection, Wal-Mart states that it has made a reasonable inquiry into the Plaintiff's status on the premises and states that the information, or lack thereof, known to Wal-Mart at this time is insufficient to enable it to admit or deny this request. As a result, Wal-Mart states that it is without knowledge as to this request and therefore denies the same.**

7.      Plaintiff, **VANESSA SUTTON,** slipped and fell in the **WAL-MART STORES, INC.,** located at 4225 45th ST, West Palm Beach, FL 33407, on August 23, 2018.

**RESPONSE: Wal-Mart denies this request.**

8.      Plaintiff, **VANESSA SUTTON,** suffered injuries as a result of the fall in the **WAL-MART STORES, INC.,** located at 4225 45th ST, West Palm Beach, FL 33407, on August 23, 2018.

**RESPONSE: Wal-Mart denies this request.**

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

    9.    **WA-MART** [sic] **STORES, INC.** was the owner of the premise [sic] located at 4225 45th ST, West Palm Beach, FL.

> **RESPONSE:  Wal-Mart states that Wal-Mart Stores East, LP, was the owner of the property in question on the date of the alleged incident.**

    10.    **WA-MART** [sic] **STORES, INC.** was the owner of the property where the premise [sic] in question is located.

> **RESPONSE:  Wal-Mart states that Wal-Mart Stores East, LP, was the owner of the property in question on the date of the alleged incident.**

    11.    **WAL-MART STORES, INC.** has surveillance footage capturing and/or depicting the Plaintiff slipping and falling on August 23, 2018.

> **RESPONSE:  Wal-Mart denies this request.**

    12.    **WAL-MART STORES, INC.** has surveillance footage capturing and/or depicting the Plaintiff at Defendant's premises on August 23, 2018.

> **RESPONSE:  Wal-Mart admits this request.**

Respectfully Submitted,

By: *s/Spencer Woodstock*
    Darin A. DiBello
    Florida Bar No. 957615
    Spencer Woodstock
    Florida Bar No. 1022678
    FASI & DIBELLO, P.A.
    150 S.E. 2nd Avenue, Suite 1010
    Miami FL  33131
    Telephone:305-537-0469
    Facsimile: 305-503-7405
    dibello@fasidibellolaw.com
    woodstock@fasidibellolaw.com
    perry@fasidibellolaw.com
    wiza@fasidibellolaw.com
    *Attorneys for Defendant*

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by E-Mail this __19th__ day of March, 2021 to:  Aaron Feuer, Esq. ([aaron@rubensteinlaw.com](mailto:aaron@rubensteinlaw.com);

[crencurrell@rubensteinlaw.com](mailto:crencurrell@rubensteinlaw.com);   [eservice@rubensteinlaw.com](mailto:eservice@rubensteinlaw.com)),   Rubenstein   Law,   P.A., Attorneys for Plaintiff, 9130 S. Dadeland Boulevard, PH, Miami, FL 33156.

By:_ *s/Spencer Woodstock*_____
      Spencer Woodstock

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

VANESSA SUTTON

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____

### DEFENDANT'S RESPONSES TO
### PLAINTIFF'S REQUEST FOR PRODUCTION

      Defendant, Wal-Mart Stores East, LP, ("Wal-Mart"), by and through its undersigned

attorneys, and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby responds to

Plaintiff's Request for Production as follows:

### GENERAL OBJECTIONS

      1.    Walmart submits these responses without conceding the relevancy or materiality
of the subject matter of any request or of any document, and without prejudice to all objections
to the use or further production or admissibility of any document.

      2.    Walmart objects to those requests that seek information that is neither relevant to
this action, nor reasonably calculated to lead to the discovery of admissible evidence.

      3.    Walmart objects to those requests that seek information exempt from discovery
by virtue of its inclusion in any of the following categories:

      a.    Information that embodies or discloses confidential
communications between Walmart and its counsel;

      b.    Information that represents the work product of attorneys for
Walmart in this or related actions or which otherwise reflect the
mental impressions, conclusions, opinions or legal theories of
those attorneys or their agents; and

c.      Information that has been compiled in anticipation of litigation or for trial by or on behalf of Walmart or its counsel.

4.      Walmart objects to those requests that are duplicative or cumulative and as to which information may be obtained from another source that is more convenient, less burdensome and less expensive.

5.      Walmart objects to those requests that are unnecessarily burdensome and oppressive.

6.      Whenever a request or instruction seeks to impose upon Walmart greater or broader obligations than those imposed by the Florida Rules of Civil Procedure or applicable substantive law, Walmart shall respond in conformity with such applicable procedural and substantive law notwithstanding the obligations purportedly imposed by the request or instruction.

7.      Walmart objects to all requests insofar as they call for any other non-discoverable matters.

8.      Walmart objects to producing documents that contain its trade secrets or other confidential research, development, or commercial information without the appropriate confidentiality agreement.

9.      Walmart reserves the right to supplement this response should it discover any additional responsive and non-objectionable documents.

10.     These General Objections shall be deemed to be continuing throughout the specific responses and objections that follow, even when not further referred to in said responses.

## **REQUESTS**

l.      The employee safety manual or other written document of the Defendant in effect on August 23, 2018 that discusses, touches, or concerns procedures for preventing and cleaning foreign substances such as food, liquid, etc., on the floor of its stores.

> **RESPONSE: Wal-Mart objects to this request as overbroad and unduly burdensome. Subject to its objections, Wal-Mart will produce its safety policies and procedures regarding preventing and cleaning foreign substances on its floors that were in place on the date of the alleged incident.**

2.      Any and all policies and/or procedures of the Defendant in effect on August 23, 2018 that discusses, touches, or concerns maintaining surveillance video footage after a slip and fall has been reported in the Defendant's store.

> **RESPONSE: Wal-Mart objects to this request as overbroad and unduly burdensome as numerous documents may be tangentially responsive to this request. Subject to its objections, Wal-Mart will**

**produce its policies and procedures on store video retention in place on the date of the alleged incident.**

3. Any photographs taken by or on behalf of the Defendant that relates to the parties and/or scene of the alleged occurrence on August 23, 2018.

> **RESPONSE: Wal-Mart will produce documents responsive to this request.**

4. Any and all statements obtained from any party in this matter concerning any of the issues in this lawsuit.

> **RESPONSE: Wal-Mart objects to this request to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine.  Wal-Mart also objects to this request as overbroad, vague, ambiguous, and unduly burdensome. Subject to its objections, Wal-Mart will provide the Customer Incident Report and the witness statements regarding the alleged incident.**

5. Any and all statements obtained from any person concerning any of the issues in this lawsuit.

> **RESPONSE: Wal-Mart objects to this request to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine.  Wal-Mart also objects to this request as overbroad, vague, ambiguous, and unduly burdensome. Subject to its objections, Wal-Mart will provide the Customer Incident Report and the witness statements regarding the alleged incident.**

6. Any and all insurance policies that do or may provide coverage for any of Plaintiff's claims, injuries, or damages as described in the Complaint, including umbrella and excess policies.

> **RESPONSE: Wal-Mart objects to this request as overbroad, vague, irrelevant, and not likely to lead to the discovery of admissible evidence.  Subject to its objections, Wal-Mart will produce its redacted Commercial General Liability Declarations Page.**

7.      Any and all surveillance or other video or recording depicting the interior and/or exterior of the **WAL-MART STORES, INC.,** located 4225 45th ST, West Palm Beach, FL 33407, Palm Beach County, on August 23, 2018, including the two hour period before the alleged incident and the two hour period after the alleged incident. This request includes, but is not limited to, footage depicting the incident itself and any footage depicting the Plaintiff.

> **RESPONSE: Wal-Mart objects to this request as overbroad in time and scope, harassing, unduly burdensome, vague, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Wal-Mart also objects to this request as argumentative regarding the occurrence of the alleged incident. Subject to its objections, Wal-Mart will produce the store video.**

8.      All records, writings or other written memoranda concerning any other slip and falls at the store where this incident occurred, within the last three (3) years.

> **RESPONSE: Wal-Mart objects to this request as overbroad in time and scope, harassing, unduly burdensome, vague, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.**

9.      All ordinances, regulations, rules, statutes, customs, practices and publications upon which your defenses herein, if any, are based.

> **RESPONSE: Wal-Mart objects to this request to the extent it seeks documents protected by the work-product doctrine.  Wal-Mart also objects to this request as vague, harassing, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, Wal-Mart refers to its Affirmative Defenses.**

10.      A list of the names and addresses (including clock-in/time records) of all employees employed at **WAL-MART STORES, INC.,** located at 4225 45th ST, West Palm Beach, FL 33407, Palm Beach County, on duty on the floor/area where Plaintiff fell on the day of the incident.

> **RESPONSE: Wal-Mart objects to this request as overbroad in time and scope, harassing, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to its objections, Wal-Mart will produce the witness statements regarding the alleged incident.**

11.     Any and all incident reports or accident reports pertaining to the subject incident.

**RESPONSE: Wal-Mart objects to this request to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine.  Wal-Mart also objects to this request as vague and ambiguous. Subject to its objections, Wal-Mart will produce the Customer Incident Report.**

12.     A list of the names and addresses of all individuals and/or entities that were responsible for maintaining the area where Plaintiff fell on the day of the incident.

**RESPONSE: Wal-Mart objects to this request as overbroad in scope harassing, harassing, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to its objections, Wal-Mart states that all Wal-Mart employees are instructed to look out for potentially dangerous conditions on the store floors and, upon notice of said condition, tasked with cleaning and/or warning of the condition.**

13.     All checklists, sign-off sheets, log books, etc., that show how frequently the area in question was inspected and/or cleaned on the day of the subject fall, and the one (1) month prior to the incident on August 23, 2018.

**RESPONSE: Wal-Mart objects to this request as overbroad in time and scope. Subject to its objection, Wal-Mart states that it does not create or maintain "checklists, sign-off sheets, log-books, etc., that show how frequently the area in question was inspected and/or cleaned."**

14.     A copy of any report created as a result of Plaintiff's incident on August 23, 2018, that was signed and/or filled out by Plaintiff.

**RESPONSE: Wal-Mart objects to this request to the extent it seeks documents protected by the work-product doctrine.  Subject to its objections, Wal-Mart will provide the Customer Incident Report.**

15.     A copy of any witness statement, incident report, or other document created as a result of Plaintiff's incident on August 23, 2018.

**RESPONSE: Wal-Mart objects to this request to the extent it seeks documents protected by the attorney-client privilege or work-product doctrine. Wal-Mart also objects to this request as overbroad in scope, vague, ambiguous, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence as numerous documents may be tangentially responsive to this request. Subject to its objections, Wal-Mart will produce the Customer Incident Report and the witness statements regarding the alleged incident.**

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

16.     A map (aerial view) of the Defendant's store located at 4225 45th ST, West Palm Beach, FL. identifying the layout of the store as it existed on the date of the incident.

> **RESPONSE: Wal-Mart objects to this request as overbroad, harassing and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to its objections, Wal-Mart will produce the floor plan of the subject store as it existed on the date of the incident alleged in the Complaint.**

17.     A map of where surveillance cameras are placed within the store on the date of incident and what aisle or aisles the surveillance cameras depict/capture.

> **RESPONSE: Wal-Mart objects to this request as vague, harassing, proprietary, and not reasonably calculated to lead to discovery of admissible evidence. Wal-Mart also objects to the production of camera placement and schematics without entry of a protective order to safeguard against the disclosure of such confidential and proprietary information. As such, and subject to its objections, Wal-Mart will provide the layout of store CCTV surveillance camera map upon the entry of a Confidentiality or Protective Order.**

18.     Any document, photograph, or video, identified in your answers to interrogatories.

> **RESPONSE: Wal-Mart will produce the documents identified in its answers to Plaintiff's interrogatories.**

Respectfully Submitted,

By: *s/Spencer Woodstock*
     Darin A. DiBello
     Florida Bar No. 957615
     Spencer Woodstock
     Florida Bar No. 1022678
     FASI & DIBELLO, P.A.
     150 S.E. 2nd Avenue, Suite 1010
     Miami FL  33131
     Telephone:305-537-0469
     Facsimile: 305-503-7405
     dibello@fasidibellolaw.com
     woodstock@fasidibellolaw.com
     perry@fasidibellolaw.com
     wiza@fasidibellolaw.com
     *Attorneys for Defendant*

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by E-Mail this ___19th___ day of March, 2021 to: Aaron Feuer, Esq. (aaron@rubensteinlaw.com; crencurrell@rubensteinlaw.com; eservice@rubensteinlaw.com), Rubenstein Law, P.A., Attorneys for Plaintiff, 9130 S. Dadeland Boulevard, PH, Miami, FL 33156.


By:__*s/Spencer Woodstock*_____
    Spencer Woodstock

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

VANESSA SUTTON

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,

     Defendant.

_____

## DEFENDANT'S NOTICE OF SERVICE OF ITS
## ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant Wal-Mart Stores East, LP, by and through its undersigned counsel, hereby

gives notice of service of its Answers to Plaintiff's Interrogatories to Plaintiff, Vanessa Sutton.

Respectfully Submitted,


By: *s/Spencer Woodstock*
    Darin A. DiBello
    Florida Bar No. 957615
    Spencer Woodstock
    Florida Bar No. 1022678
    FASI & DIBELLO, P.A.
    150 S.E. 2nd Avenue, Suite 1010
    Miami FL  33131
    Telephone:305-537-0469
    Facsimile: 305-503-7405
    dibello@fasidibellolaw.com
    woodstock@fasidibellolaw.com
    perry@fasidibellolaw.com
    wiza@fasidibellolaw.com
    *Attorneys for Defendant*

CASE NO. 50-2020-CA-014681-XXXX MB (AN)

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by E-Mail this <u>19th</u> day of March, 2021 to:  Aaron Feuer, Esq. (<u>aaron@rubensteinlaw.com</u>; <u>crencurrell@rubensteinlaw.com</u>;  <u>eservice@rubensteinlaw.com</u>),  Rubenstein  Law,  P.A., Attorneys for Plaintiff, 9130 S. Dadeland Boulevard, PH, Miami, FL 33156.


By:  *s/Spencer Woodstock*
        Spencer Woodstock

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

**VANESSA SUTTON**,

      Plaintiff

v.

**WAL-MART STORES, INC.**,                     CIVIL DIVISION

      Defendant.                         CASE NO.: 50-2020-CA-014681-
XXXX-MB

_____/

## NOTICE OF TAKING VIDEO DEPOSITION
### *Please advise us immediately if an interpreter is needed*

      PLEASE TAKE NOTICE that the undersigned will take the deposition of the following identified individual at the indicated date, time and place:

| NAME | DATE & TIME | LOCATION |
|---|---|---|
| **JUDITH ROBERTS** | **Thursday, June 24, 2021 2:00 PM** | **ATTENDEES TO APPEAR BY ZOOM** |

upon oral examination before **Universal Court Reporting, Inc.**, Court Reporters or any other notary public or other officer authorized by law to take depositions in the State of Florida. This oral examination will continue from day to day until completed. This deposition is being taken for the purpose of discovery, for use at trial or for any other such purpose as permitted under the applicable rules of Court.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically submitted on this 25th day of March, 2021, to: Spencer Woodstock, Esq., Fasi & Dibello, P.A., 150 S.E. 2nd Avenue, Suite 1010, Miami, FL 33131, E-service: dibello@fasidibellolaw.com; woodstock@fasidebellolaw.com; perry@fasidibellow.com; wiza@fasidibellolaw.com

50-2020-CA-014681-XXXX-MB

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (305) 670-7555
Email: aaron@rubensteinlaw.com
      crencurrell@rubensteinlaw.com
      eservice@rubensteinlaw.com

By: _/s/ *Aaron Feuer*
    **Aaron Feuer**
    Florida Bar No.: 100542

**cc: Universal Court Reporting, Inc.**